```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ABSOLUTE SOFTWARE, INC. and                                 :
ABSOLUTE SOFTWARE CORPORATION,                              :
                                                            :
                              Movants,                      :     23-MC-57 (VSB)
                                                            :
                -against-                                   :     ORDER
                                                            :
FORTRA, LLC,                                                :
                                                            :
                              Respondent.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      Movants Absolute Software, Inc. and Absolute Software Corporation ("Absolute") filed this miscellaneous action on March 3, 2023. (Doc. 1.) They seek to compel Respondent Fortra, LLC ("Fortra") to comply with the subpoena issued by Absolute in *Absolute Software, Inc., et al. v. Matthew Schoenfeld*, 2:22-cv-07350- BRM-JBC (D.N.J., filed January 6, 2023) (the "Underlying Action"). In the Underlying Action, which is based on an allegation that Schoenfeld breached a non-compete covenant when he accepted an offer to work at Fortra, Fortra is not a party, but the District of New Jersey allowed Fortra and Absolute to engage in expedited discovery for the limited purpose of understanding whether Absolute competes with Fortra. (*See* Doc. 13.) Absolute filed a letter motion to expedite compliance with the Subpoena, claiming that it involves "essential–and now time-sensitive–discovery" due to a hearing in the Underlying Action currently scheduled for April 3, 2023.[1] (Doc. 8.) Fortra filed a letter response to the motion to expedite, arguing that Absolute manufactured the time-sensitive "emergency" by asking for an expedited hearing in the Underlying Action. (Doc. 13.) I granted

---

[1] The parties were referred to a mediator and the parties believe that this referral will likely delay the hearing by one week, to April 10, 2023.

Fortra's request to submit its opposition by March 22, 2023.  (Doc. 14.)

Given that Absolute's arguments all concern case management and merits issues in the Underlying Action, their motion is best suited to be adjudicated by the court where the Underlying Action is pending.  "A judge who is fully familiar with the underlying litigation is in a better position to resolve such issues than a judge in a different district with no knowledge of the case," and such concerns support transferring discovery disputes like this one to the court where underlying litigation is pending.  *See, e.g.*, *Stanziale v. Pepper Hamilton LLP*, No. M8-85 (PART I) (CSH), 2007 WL 473703, at *5 (S.D.N.Y. Feb. 9, 2007); *Google LLC v. Fortress Inv. Grp. LLC*, 20 MISC. 132 (KPF), 2020 WL 1304039, at *1 (S.D.N.Y. Mar. 18, 2020).  Accordingly, it is hereby

ORDERED that the Parties appear on Monday, March 20, 2023 at 11:00 AM via telephone using the dial in 888-363- 4749 and access code 2682448 to discuss whether they consent to have this action transferred to the court where the Underlying Action is pending, and if not, why not.  *See* Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.").

SO ORDERED.

Dated:     March 15, 2023
           New York, New York

_____
VERNON S. BRODERICK
United States District Judge